IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARNAUD PARIS,

      Plaintiff,

v.

DAVID J. ORR, individually, and in his official capacity as Circuit Judge of the First Circuit Court of Oregon, Jackson,

      Defendant.

Case No. 6:23-cv-01960-MC

ORDER

**MCSHANE, Judge:**

    Plaintiff Arnaud Paris brings this action requesting the Court intervene in two Oregon state court cases pending before Defendant David Orr. Plaintiff alleges that Defendant—a Jackson County circuit judge—repeatedly violated Plaintiff's constitutional rights and caused him "extreme harm and prejudice." Compl. 16, ECF No. 1. Specifically, Plaintiff asks the Court to vacate Defendant's orders, disqualify Defendant from cases, declare a mistrial in both cases, issue orders affecting the ongoing state court cases, and order Defendant to pay damages. *Id*. at 73.

**I. *Rooker-Feldman* and *Younger* Doctrines**

    Plaintiff's complaint is an end-run around state court proceedings and, as such, his claims are barred by the *Rooker-Feldman* doctrine. Here, Plaintiff seeks to set aside two Orders imposed by the Jackson County Circuit Court which (1) granted an ex parte motion for a temporary

protective order of restraint, and (2) granted summary judgment in the case 23DR08269. *See* Compl. Ex. 4; Compl. 14. The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction over cases directly challenging a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007).

Even if Plaintiff still has issues pending in state court, *Younger* abstention should prevent the Court from wading into the issues Plaintiff raises. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of Sand Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Plaintiff asks the Court to disqualify Judge Orr from Plaintiff's ongoing state court cases, declare a mistrial in both cases, and issue an order allowing Plaintiff to participate from France. Clearly, and as Plaintiff admits, the state proceedings are ongoing. Given the types of claims made against Judge Orr—a judicial official elected by the people of the State of Oregon—Plaintiff's claims implicate an important state interest, and the forum of the Jackson County Circuit Court is adequate for such proceedings. Plaintiff's claims should be barred because the three criteria for the *Younger* abstention have been met in this case.

**II. Sovereign and Judicial Immunity**

The Eleventh Amendment provides the states with "sovereign immunity" allowing a state immunity from suit, whether by its own citizens or those of another state, without its consent. U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011).

Absent a waiver, or congressional abrogation, the courts cannot entertain an individual's suit against a state. *Id.* at 1638. Judicial immunity is a common law doctrine that protects "the finality of judgements" and "discourage[es] inappropriate collateral attacks . . . by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988)(citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). "The common law's rationale for these decisions—freeing the judicial process of harassment or intimidation—has been thought to require absolute immunity even for advocates and witnesses. *Id*. However, even with this immunity, "judicial mistakes or wrongs are open to correction through ordinary mechanisms of review," the appellate process. *Id*.

In this case, Plaintiff claims are all based on certain alleged events and actions that occurred during litigation in Jackson County Circuit Court. Given common law notions of judicial immunity, this sort of collateral suit claiming error in adjudication is barred. Plaintiff is free to pursue these claims through the "ordinary mechanism of review" by continuing with or filing an appeal at the state court level.

## CONCLUSION

Because Plaintiff's Complaint fails to state a claim on which relief may be granted, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 4). 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATED this 1st day of February, 2024.

                                                    /s/ Michael McShane
                                                      Michael McShane
                                          United States District Judge